# IN THE COURT OF APPEALS OF IOWA

No. 19-0446
Filed April 15, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PRESTON MICHAEL BRITTAIN,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


        The defendant appeals the sentences imposed following his pleas of guilty.

**AFFIRMED.**



        Nicholas Einwalter, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.



        Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Preston Brittain appeals from the sentences imposed following his pleas of guilty to three counts of sexual abuse in the third degree. He contends the district court abused its discretion in imposing a prison term instead of suspending the sentences. Finding no abuse of the court's sentencing discretion, we affirm.

In 2018, five years after assaults ceased, three minors reported Brittain repeatedly vaginally and anally sexually assaulted them while he was caring for them in their home. Brittain, who was a teenager at the time of the assaults, continued the behavior for an extended period of time. Brittain was subsequently charged with three counts of second-degree sexual abuse.

The parties entered into a plea agreement by which Brittain would plead guilty to three counts of third-degree sexual abuse, the State would recommend consecutive prison terms, and Brittain could argue for any sentence that might be available to a juvenile, including deferred judgment or a suspended sentence.

Following a sentencing hearing at which the prosecutor argued for consecutive prison terms and the defense argued for a suspended sentence, the district court imposed three ten-year prison terms, to run consecutively. Brittain appeals.

> We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits. We will find an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." A ruling is untenable when the court bases it on an erroneous application of law. If the evidence supports the sentence, the district court did not abuse its discretion.

*State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018) (citations omitted).

Here, the sentencing court considered all pertinent factors, the various recommendations from the parties, and the presentence investigation report and imposed a sentence within the statutory limits.  The court pronounced from the bench a thoughtful and detailed analysis for its sentencing decision.  The court did not abuse its discretion.  We affirm.

**AFFIRMED.**